**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MODESTO GARCIA, GEORGE OLLINGER,**

      **Plaintiffs,**

**-vs-**               **Case No. 6:12-cv-650-Orl-28DAB**

**LISA CULLEN, PAM JEFFERSON,**

      **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR EXTENSION OF TIME TO RESPOND TO THE AMENDED COMPLAINT (Doc. No. 7)**
>
> **FILED:**   May 8, 2012
> _____
>
> Upon review of the motion and for the reasons set forth herein, it is **respectfully recommended** that the District Court decline to exercise supplemental jurisdiction in this matter, and **remand** the case to state court.

*Procedural History*

  According to the Notice of Removal (Doc. No. 1), Plaintiff filed an action in the state's Small Claims Court on October 6, 2011. On April 5, 2012, Plaintiff filed an Amended Complaint, raising "for the first time" federal claims against Defendants (Doc. No. 2). On April 30, 2012, Defendants removed the action to this Court, citing federal question jurisdiction. On May 2, 2012, Plaintiffs filed, in *state* court, a Voluntary Dismissal of Civil Rights Claims "thereby divesting the federal court of

jurisdiction" (Doc. No. 4). Plaintiffs and Defendants filed a copy of the voluntary dismissal in this docket. *(Id.* and Doc. No. 10).

According to the instant motion, Defendants "stipulate to Plaintiffs' Voluntary Dismissal of Civil Rights Claims," noting that counsel "confirmed with plaintiffs' counsel that plaintiffs intended to voluntarily dismiss any and all federal claims in this action" and "only the state law claims asserted in the amended complaint remain." *Id.* Although the motion seeks more time to respond to the Amended Complaint, as there are no federal claims pled and no other basis for jurisdiction is evident this Court **recommends** that the District Court decline to exercise supplemental jurisdiction over the state claims remaining, and remand the case.

*Analysis*

To begin, the Court notes that this is not a case of improper removal. The Court looks to the claims in the operative complaint at the time of removal, and in this case, federal question jurisdiction did exist at that time. *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) (the district court determines whether it had subject matter jurisdiction at the time of removal and later changes to the pleadings do not impact the court's exercise of that jurisdiction). Rather, the Court considers whether to retain jurisdiction in light of 28 U.S.C. § 1367(c)(3) which allows remand to the state court where the federal claim from the original complaint has been eliminated by the amended complaint. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."). The Court may decline to continue its exercise of supplemental jurisdiction where Plaintiffs have dismissed the federal claims because "no basis for federal jurisdiction presently exists." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.,* 402 F.3d 1092, 1123 (11th Cir. 2005). "In making this decision, the court 'should take

into account concerns of comity, judicial economy, convenience, fairness, and the like.'" *Id.* (quoting *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001)); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) (allowing remand "when the exercise of [supplemental] jurisdiction is inappropriate."), *superseded by statute as stated in Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 745 (11th Cir. 2006) (recognizing that case was decided before supplemental jurisdiction was codified, but that Supreme Court referred to the principle which would become § 1367(c)(3)).

Other district courts in the Eleventh Circuit have held that remand is appropriate pursuant to § 1367 when a case is, as here, in the earliest stages. *See, e.g., Shelley v. City of Headland*, Case No. 1:09-cv-509WKW, 2009 WL 2171898 (M.D. Ala. July 21, 2009) (remanding case in which plaintiff amended very early in the pleadings and the only remaining claim was a state-law constitutional claim involving a city zoning ordinance); *see also Lake County v. NRG/Recovery Group, Inc.*, 144 F.Supp.2d 1316, 1319 (M.D. Fla. 2001) (remanding case because the case and discovery were in the very early stages and comity weighed in favor of remand among other factors). Here, the case was just removed. The parties have not filed the Case Management Report, no answer or other responsive pleading has been filed, and no discovery has begun. Under these circumstances, there is no compelling reason to retain the case. *See Carnegie-Mellon*, 484 U.S. at 351, 108 S.Ct. at 619 (holding that "[w]hen the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction"); *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("'When federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction,'" quoting *Carnegie-Mellon Univ.*, 484 U.S.343, 108 S.Ct. 614, 98 L.Ed.2d 720)); *Shelley v. City of Headland*, Case No. 1:09-cv-509WKW, 2009 WL 2171898

(M.D. Ala. July 21, 2009) (remanding where plaintiff amended very early in the pleadings); *Lake County v. NRG/Recovery Group, Inc.*, 144 F.Supp.2d 1316, 1319 (M.D. Fla. 2001) (remanding where the case and discovery were in the very early stages and the federal court had not expended a significant amount of judicial labor).

While it is true that Plaintiffs appear to have dismissed their federal claims solely to "divest the federal court of jurisdiction" (Doc. No. 10), such actions do not necessarily counsel against a remand. Although forum "manipulation" is a "legitimate and serious" concern when a plaintiff dismisses the federal claims that were the basis for federal jurisdiction and moves to remand, that concern does not require a "blanket prohibition on remands when the federal district court's jurisdiction over a case is inherently discretionary." *Carnegie-Melon Univ.*, 484 U.S. at 356 n. 12. "A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case" but that "behavior" is only taken into account as part of "the balance of factors" for determining whether remand is appropriate. *Id.* at 357. There is no "categorical prohibition" on remanding in these circumstances " regardless of whether the plaintiff has attempted to manipulate the forum." *Id*. (emphasis added). *Shelley*, 2009 WL 2171898, *2 (citing *Carnegie-Melon Univ.*, 484 U.S. at 356 n. 12). Assuming that Plaintiffs wish to pursue only state law claims, as they have asserted, any concern about manipulation can be addressed by barring Plaintiffs from pursuing any federal law claims on remand.

On the whole, in balancing the various factors, the Court find that remand is appropriate here as 1) the case is in the very earliest stages and there is no judicial economy in having this federal court continue the case, and 2) comity concerns weigh in favor of remand as only state tort law claims against local government actors remain, and those are optimally decided by the state court. As for the

convenience of the parties, that weighs slightly in favor of remand in that Plaintiffs and Defendants are alleged to be located in Brevard County and this Court is an hour away in Orange County.

Accordingly, it is **respectfully recommended** that the case be **REMANDED** to the Eighteenth Judicial Circuit, Brevard County, Florida. The Motion to Extend Time (Doc. No. 7) should be carried with the case and determined by the state court. Any Order adopting this recommendation should include a provision barring Plaintiff from resurrecting after remand any claims based on federal law in order to pursue them in state court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 14, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy